# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-368
_____

MARVIN LOVE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Duval County.
Marianne L. Aho, Judge.

October 30, 2019


PER CURIAM.

Marvin Love appeals an order summarily denying his motion for postconviction relief. Love claims his counsel was ineffective for not objecting to a vindictive and disparate sentence. Because the record conclusively refutes this claim, we affirm.

Love entered guilty pleas in two separate cases. In the first case, Love pleaded guilty to armed robbery with possession of a firearm and kidnapping with possession of a firearm. The trial court sentenced Love to concurrent terms of twenty years' imprisonment with a ten-year mandatory minimum. In the second case, Love pleaded guilty to armed robbery and kidnapping. He was sentenced to concurrent terms of twenty years' imprisonment

to run concurrently with the sentences in the first case. Love did not file a direct appeal in either case.

In his postconviction motion, Love claims that he was similarly situated to his co-defendant, Joylynn Smith, and should have received a sentence similar to hers. Instead, Smith's sentence was much lighter: she received two years' imprisonment, followed by three years' probation. Love argues that his counsel was ineffective for not objecting to his sentences as vindictive or disparate.

To show ineffective assistance of counsel, Love was required show that counsel's performance was outside the wide range of reasonable professional assistance, and that such conduct prejudiced the outcome of the proceedings because without the conduct there is a reasonable probability that the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984); *Spencer v. State*, 842 So. 2d 52 (Fla. 2003). Because he entered a guilty plea, Love was also required to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

But Love has not shown ineffective assistance of counsel because he did not show that the trial court imposed a vindictive sentence. A sentence is vindictive when a court punishes a defendant for exercising his constitutional rights, such as when a court imposes a longer sentence after the defendant has prevailed on an appeal or collateral motion. *North Carolina v. Pearce*, 395 U.S. 711, 723-24 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989). Love did not show that the trial court sentenced him more harshly because he exercised a constitutional right. His counsel was not ineffective for not raising this meritless objection. *Hitchcock v. State*, 991 So. 2d 337, 361 (Fla. 2008).

Love also did not show that his counsel was ineffective for failing to object to his sentence as disparate because Love and his co-defendant were not in fact similarly situated. In a criminal case not involving the death penalty, a sentence "violates the Equal Protection Clause only if it reflects disparate treatment of similarly situated defendants lacking any rational basis." *Peters v.*

2

*State*, 128 So. 3d 832, 853 (Fla. 4th DCA 2013) (quoting *United States v. Pierce*, 409 F.3d 228, 234 (4th Cir. 2005)). Here, the charged offenses, the pleas, and the sentences available to Love and his co-defendant were markedly different. First, the charges were distinct. Unlike Love, Smith was not charged with possession of a firearm. Second, their pleas were not the same. Smith pleaded to two counts of armed robbery and two counts of kidnapping. Third, Smith was eligible for and received a youthful offender sentence because she was seventeen years old at the time of the offense. § 958.04, Fla. Stat. (2009) (". . . if the offender is younger than 21 years of age at the time sentence is imposed"). Love was twenty-six years old at the time of the offense and did not qualify for a youthful offender sentence. The differences in the charges, pleas, and eligibility for youthful offender sentencing show that Love was not similarly situated to Smith. And so Love's counsel was not ineffective for raising a meritless disparate sentencing objection to Love's sentence. *Hitchcock*, 991 So. 2d at 361.

Because Love failed to show that his counsel rendered ineffective assistance, the postconviction court did not err in denying the motion for postconviction relief.

AFFIRMED.

B.L. THOMAS, ROWE, and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Marvin Love, pro se, Appellant.

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.